**Renzulli v. Renzulli**

*Joyce Ullman*, for plaintiff.

*Keith S. Grube, Thomas D. Kenny, Debra G. Speyer* and *Kenneth W. Richmond,* for defendants.

MAIER, *J.*, Oct. 15, 2014—

## I. FACTS AND PROCEDURAL HISTORY

After receipt of the Superior Court Opinion, this court unsure of the specific action required of the trial court by the Superior Court Opinion, seeks to clarify items not previously included in the trial court opinion. As indicated, the trial court did not make finding of credibility for all of the witnesses in the above case, and will endeavor to do so in this Supplemental Opinion.

This action to quiet title was initially tried in the Philadelphia Court of Common Pleas before the undersigned judge, and concluded on August 13, 2012. At that time the trial court concluded that plaintiff, Geraldine Renzulli, was not credible, and had intentionally sought to circumvent government foreclosure and tax lien procedures to evade the forfeiture of the property located at 1830 East Passyunk Avenue, Philadelphia, PA. The court also found, based on the evidence and testimony, that between 1980 and 2001 the property changed hands six times without ever being placed in plaintiff, Geraldine Renzulli's name, although she did collect rents and resided in the property. The trial court found in favor of defendants, Frederick Renzulli and Kristin Renzulli, and entered judgment on their counterclaim action in ejectment. All other counterclaims were denied; to wit, on attorney fees, conversion, and unjust enrichment.

Plaintiff, Geraldine Renzulli, filed a post trial motion on August 22, 2012, which was denied by the court on October 2, 2012. On October 31, 2012, plaintiff filed a timely notice of appeal, upon which the court issued a

Pa. R.A.P. 1925 (b) order. Plaintiff/appellant, Geraldine Renzulli, filed a voluminous 1925 (b) Statement of Errors Complained of on Appeal, alleging, *inter alia*, that the court had abused its discretion and misapplied its equitable powers with respect to the doctrine of "unclean hands."

To the contrary, the trial court as fact finder heard the evidence and simply did not believe the plaintiff had done ought but attempt to evade penalties that the government had imposed to curb the drug trade in Philadelphia, and that plaintiff came to the court with "unclean hands."

## II. THE SUPERIOR COURT OPINION

On appeal the Superior Court has instructed in its June 17, 2014 opinion, Superior Court Docket No. 3148 EDA 2012, that the judgment of the trial court be reversed and that "the case is remanded for proceedings consistent with this adjudication." The essence of the Superior Court Opinion appears to be that the doctrine of unclean hands is not applicable to this case because the government was not a party, and, did not seek foreclosure during trial, and that determinations of credibility needed to be made with respect to the defendants and other witnesses. It is undisputed that plaintiff, Geraldine Renzulli, and her grandchild, Frederick Renzulli, and his spouse, Kristin Renzulli, the defendants are the sole parties to this action. The Superior Court opines that defendants, Frederick Renzulli and Kristin Renzulli, would be unjustly enriched if they were to be awarded title to the property, because Geraldine has been residing there, and according to her maintaining the property while collecting rents.

There was no evidence presented concerning the amount of the rents collected by plaintiff, nor was testimony presented that the rents were not used by plaintiff to defray the expenses for the upkeep of the property, during

her twenty five year occupancy of the property. Plaintiff testified that she paid $10,000.00 to her husband John A. Renzulli to buy out his interest in the property when they separated, Contrary to this, her son Fred Renzulli testified that he paid John A. Renzulli, his father, $10,000.00 not for any interest in the property, but rather to keep his father from harassing his mother, Geraldine Renzulli.

The trial court now seeks clarification of the Superior Court Opinion, which appears to order the trial court to create a constructive trust, in favor of plaintiff/appellant, Geraldine Renzulli, even though she sought to defraud the U.S. government.

The trial court failed to make clear that plaintiff was credible when testifying that the purpose of the various family transfers of the title to the property was to *prevent the lawful seizure of the property by the U.S. government*, as evidenced by plaintiffs continued testimony in that regard even after the trial court's criminal warning given to plaintiff during her testimony. However, it is equally clear that she was not credible when she testified that everyone knew the property belonged to her, since the defendants are asserting a right to the property and are seeking ejectment of plaintiff.

The property title question was first raised in this case by the testimony of two witnesses who testified that the property was titled to the then husband of the plaintiff, John Renzulli, as a result of several automobile transfers. While the trial court finds this testimony not credible, it did not make a ruling as there was no other testimony concerning the ownership of the property at the time that transfer occurred, and therefore, did not appear to the trial court relevant in the matter then before the court. The testimony, including that of plaintiff was that

John Renzulli expected to be convicted of various drug offenses by the U.S. government and the title was then transferred to various family members to avoid the seizure and sale by the U.S. government resulting from those drug convictions. All of the other testimony presented at trial was credible.

A constructive trust is an equitable remedy that may be applied in quiet title actions to prevent unjust enrichment, and, it appears to be the opinion of the Superior Court here that defendants would be unjustly enriched were they to be found to have title to the property.

According to the opinion of the Superior Court, defendant/appellees did not pay any consideration for the property. Rather, they had an equitable duty to hold it for Geraldine in the form of a constructive trust. The Superior Court has opined that appellant did not operate with unclean hands as to the appellees because the federal government was not involved in the quiet title action. The trial court now seeks clarification of the Superior Court Opinion as set forth below.

## III. DISCUSSION SEEKING CLARIFICATION OF SUPERIOR COURT OPINION

*It is important to note that the plaintiff waited until the threat of confiscation was removed to initiate this action.* Plaintiff was credible when she indicated the reason for the multiple transfers were to hide the property from the U.S. government to thwart the potential confiscation of the property. The action for quiet title is an equitable action and the trial court found that it was simply not equitable to reward a person who admitted several times that the purpose of previous transfers was to hide the property in question from the lawful activities of the federal government. Indeed, the trial court on one occasion even

gave the plaintiff warnings that she may be committing a criminal act in pursuing her case, but the plaintiff chose to continue testifying. Therefore, it seems contrary to the public policy of imposing strict sanctions for drug dealing for the plaintiff to now acquire property that has been protected from confiscation by an elaborate shell game of title transfers.

## IV. CONCLUSION

Certainly, if the purpose of the Superior Court's Opinion requires this court to create a constructive trust in favor of the plaintiff, and award the property to plaintiff, who admitted to hiding title to the property to avoid a lawful confiscation by the federal government based on illegal drug activity, the trial court will issue that order. If that is not the intent of the Superior Court Opinion in light of this Supplemental Opinion, then the trial court will follow the determination of the Superior Court. The trial court will await further instructions as to the crafting of its new order based upon the trial, the trial court's opinions, the Superior Court Opinion, and the requested Clarification of the Superior Court Opinion. Clarification is respectfully requested.